UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GUILLERMO FUENTES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | 2:14-cr-00047-DBH-2<br>2:17-cv-00426-DBH |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner Guillermo Fuentes moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 53.) Petitioner pled guilty and was convicted in 2014 of knowingly hiring undocumented aliens, and of making false statements to the Government; the Court sentenced Petitioner to 37 months in prison.[1] (Judgment, ECF No. 44 at 1-2.)[2] Petitioner did not appeal from the judgment. (Docket Record.) Petitioner alleges he began serving his prison term on November 21, 2014, and he completed it on July 26, 2017.[3] (Motion at 3.) He asserts he was taken into

---

[1] As explained below, although Petitioner's 28 U.S.C. § 2255 motion requests that the two convictions be vacated, Petitioner later amended the motion to request the Court vacate only the conviction for making false statements to the Government. (Motion, ECF No. 53 at 8; Joint Agreement, ECF No. 61 at 3.)

[2] Petitioner had previously been found guilty, after a jury trial, of conspiracy to harbor undocumented aliens for profit, 8 U.S.C. § 1324(a)(1)(A)(iii); harboring undocumented aliens for profit, 8 U.S.C. § 1324(a)(1)(A)(iii), (B)(i); and aiding and abetting document fraud, 18 U.S.C. §§ 2, 1546(a). The Court subsequently granted a new trial. The jury verdict and the grant of a motion for a new trial are docketed at No. 2:12-cr-00050-DBH-2, ECF No. 153 (Jury Verdict), and ECF No. 234 (Redacted Decision and Order on Joint Motion to Set Aside Verdict).

[3] Although Petitioner alleges he "completed his sentence on July 26, 2017," it appears he alleges that is when he completed the prison term, and he remains in custody under the judgment of conviction, for

custody by the United States Immigration and Customs Enforcement ("ICE") when he was released from the Bureau of Prisons. (*Id.*)

Petitioner alleges that during the plea negotiations, Government attorneys represented to defense counsel, who in turn advised Petitioner, that "the proposed convictions were not of the kind that would subject [Petitioner and his co-defendant, Hector Fuentes] to removal and, therefore, no ICE detainer would result from the convictions." (Motion at 2.) He further alleges counsel's performance was substandard "in that [counsel] relied upon the representations of the government about whether the proposed convictions would result in deportation, without documenting those representations or having the representations included in a plea agreement . . . ." (*Id.* at 8.) Petitioner contends he would not have pled guilty if he had not received faulty advice. (*Id.*)

Following a review of Petitioner's motion and the Government's request that relief be denied, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In March 2013, a jury found Petitioner guilty of the counts alleged in the superseding indictment: conspiracy to harbor undocumented aliens for profit, 8 U.S.C. § 1324(a)(1)(A)(iii) (Count 1); harboring undocumented aliens for profit, 8 U.S.C. § 1324(a)(1)(A)(iii), (B)(i) (Counts 6, 7); and aiding and abetting document

---

purposes of his section 2255 motion, because he is serving a two-year term of supervised release. (Motion at 2-3; Judgment, ECF No. 44 at 3.) *See Francis v. Maloney*, 798 F.3d 33, 37 (1st Cir. 2015) (noting that "an individual serving a supervised release term satisfies the 'in custody' requirement (or at least we have said as much for § 2255 purposes)") (citing *Jackson v. Coalter*, 337 F.3d 74, 78-79 (1st Cir. 2003)).

fraud, 18 U.S.C. §§ 2, 1546(a) (Count 8). (No. 2:12-cr-00050-DBH-2, Superseding Indictment, ECF No. 57; Jury Verdict Form, ECF No. 153.) In August 2013, the Court granted Petitioner's motion for a new trial, based on juror misconduct. (No. 2:12-cr-00050-DBH-2, Redacted Decision and Order on Joint Motion to Set Aside Verdict, ECF No. 234.)

In June 2014, the Court conducted a plea hearing pursuant to Fed. R. Crim. P. 11; the Court accepted Petitioner's guilty plea to Counts 1 and 3 of an information that charged Petitioner with knowingly hiring undocumented aliens, 8 U.S.C. §§ 1324(a)(3), 1324a(h)(3), 18 U.S.C. § 2 (Count 1); and with making false statements to the Government, 18 U.S.C. § 1001 (Count 3).[4] (No. 2:14-cr-00047-DBH-2, Waiver of Indictment, ECF No. 2; Information, ECF No. 3; Minute Entry, ECF No. 20; Plea Tr., ECF No. 50 at 43.)

On October 20, 2014, the Court sentenced Petitioner to concurrent prison terms of 37 months on each of the two counts, to be followed by concurrent terms of two years of supervised release. (No. 2:14-cr-00047-DBH-2, Judgment, ECF No. 44 at 2.) On the same date, the Court ordered that Petitioner be discharged on the counts alleged against him in the superseding indictment, based on the Court's grant of the Government's motion to dismiss. (No. 2:12-cr-00050-DBH-2, Order of Discharge, ECF No. 260.)

Petitioner filed his section 2255 motion on October 30, 2017. (Motion at 1.)

---

[4] Count 2 of the three-count information charged Hector Fuentes, not Petitioner. (No. 2:14-cr-00047-DBH, Information, ECF No. 3.)

On January 25, 2018, the parties filed a joint agreement regarding the section 2255 motion. (Joint Agreement, ECF No. 61.) The agreement states that Petitioner received a notice that he is subject to removal from the United States, pursuant to 8 U.S.C. § 1227(a)(2)(A)(i), and that he must appear before an immigration judge.[5] (*Id.* at 2.) The agreement also provides that "[t]he parties now understand and believe that the immigration authorities assert as a basis for removal Fuentes's conviction under 18 U.S.C. § 1001 (Count Three), and not his conviction under 8 U.S.C. §§ 1324(a)(3) and 1324a(h)(3) (Count One)."[6] (*Id.* at 2-3.) The Government agreed to waive its right to argue the motion was untimely filed under section 2255(f)(1), and Petitioner agreed to amend his section 2255 motion to limit his claim to his request that the Court vacate the conviction for making false statements to the Government (Count 3). (*Id.* at 3.)

---

[5] Title 8 U.S.C. § 1227(a)(2)(A)(i) concerns "[c]rimes of moral turpitude" and provides:

> Any alien who—
>
> **(I)** is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident status under section 1255(j) of this title) after the date of admission, and
>
> **(II)** is convicted of a crime for which a sentence of one year or longer may be imposed,
>
> is deportable.

[6] The immigration proceeding is evidently stayed. In its response to the motion, the Government wrote: "[B]ased upon representations by defense counsel, that the immigration proceeding has been continued pending the outcome of the instant motion." (Response, ECF No. 62 at 6.)

## II. DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

When a petitioner raises a claim "for the first time on habeas, he must show both 'cause' that excuses the procedural default and 'actual prejudice' resulting from the alleged error." *Wilder v. United States*, 806 F.3d 653, 658 (1st Cir. 2015) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Alternatively, a petitioner may demonstrate actual innocence as a basis for habeas relief. *Bousley*, 523 U.S. at 622. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623.[7]

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth the federal constitutional standard by which claims of ineffective assistance of counsel are evaluated; *Strickland* requires a petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

---

[7] Petitioner does not allege factual innocence. *See Bousley v. United States*, 523 U.S. 614, 622-23 (1998).

confidence in the outcome." *Strickland*, 466 U.S. at 688, 694. A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one . . . ." *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

A petitioner must establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). "[A] habeas petitioner is not automatically entitled to a hearing and normally should not receive one if his allegations are 'vague, conclusory, or palpably incredible.'" *David,* 134 F.3d at 478 (quoting *Machibroda v. United States,* 368 U.S. 487, 495 (1962)). The First Circuit has held that a Petitioner who "fails to reasonably substantiate his ineffective assistance of counsel claim with any material issues of fact . . . has not 'overcome the presumption of regularity which the record . . . imports . . . .'" *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) (quoting *Walker v. Johnston*, 312 U.S. 275, 286 (1941)). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

### B. Claim and analysis

Petitioner concedes that the plea agreement states he could be subject to removal if he pled guilty, and he concedes that at the plea hearing the Court told him a guilty plea

could render him subject to removal.[8] (Affidavit, ECF No. 65-1 at 1.) Nonetheless, he alleges, he "remained under the impression" that although he could be removed, he "would not actually be removed" as a result of the plea.[9] (*Id.*)

---

[8] The plea agreement provides in relevant part:

> Immigration Status. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The parties agree and understand that the offense(s) to which Defendant is pleading guilty may result in Defendant being removed from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

(Agreement to Plead Guilty, ECF No. 11 at 6.)

In the plea hearing, the Court told Petitioner: "By pleading guilty to these crimes, if you are not a United States citizen, you may be removed from the United States, denied citizenship and denied admission to the United States in the future." (Plea Tr., ECF No. 50 at 21-22.) In response to the Court's inquiry, Petitioner responded that he understood. (*Id.* at 22.) In response to the Court's questions, Petitioner told the Court he had read the plea agreement, he understood it, it was translated as necessary, he signed it voluntarily, and he intended to agree to all of the terms and conditions of the plea agreement. (Plea Tr. at 34-35.)

Counsel for Petitioner told the Court he agreed with the representations made by counsel for Petitioner's co-defendant that the issue of removal was addressed in plea negotiations, and the Government made no promise that the plea would prohibit deportation. (*Id.* at 45-46.) Counsel for Petitioner's co-defendant represented to the Court that he had consulted with an immigration lawyer, who in turn had consulted with the Government; counsel for Petitioner's co-defendant represented to the Court: "We just believe that, based upon the research and based upon our understanding of the law, that this will maximize the possibility that they will not be removed from the country based upon the plea." (*Id.* at 45.) Counsel for Petitioner then stated: "Likewise, . . . on behalf of [Petitioner], we have consulted with counsel and we were consulting back and forth over months now as well as with the Government and we understand that, just as [counsel for Petitioner's co-defendant] just articulated, that is our position as well and no promises have been made." (*Id.* at 45-46.)

The Court told Petitioner and his co-defendant:

> [W]hat your respective lawyers have said is they've described to me the reasoning they went through in advising you about these guilty pleas, but I want to be sure you understand that there are no guarantees from me as a federal judge from what's happened here or the prosecutors as to what will happen with respect to deportation. That's the authority of a different agency of the United States Government. I have no involvement in that. Neither do these prosecutors at the moment or these defense lawyers.

Petitioner asserts he believed that he could remain in the United States in part based on Government promises made at the plea hearing: "During the plea hearing, counsel for Defendant represented to the Court that there had been no promises concerning the potential immigration consequences of the plea. This was simply not true." (Reply, ECF No. 65 at 1.) Petitioner alleges an ICE agent represented to Petitioner's counsel and all attorneys at a meeting that preceded the plea, that the proposed plea "would not subject Defendant or his brother to removal proceedings." (Reply at 1-2.) Petitioner contends:

> It was ineffective assistance of counsel for counsel for Defendant to (1) rely upon the advice of [the ICE agent], (2) advise his client that he would not be deported as a result of the plea, and (3) to fail to bring the representation of [the ICE agent] to the Court's attention during the plea colloquy.

(Reply at 2.)

---

(*Id.* at 46-47.) Petitioner responded affirmatively to the Court's question whether Petitioner understood. (*Id.* at 47.)

[9] Petitioner asserts:

> [M]y lawyer told me that by pleading guilty pursuant to the proposed plea agreement, I would not expose myself to removal proceedings;
>
> . . .
>
> [D]espite the fact that my plea agreement with the government stated that I could be subject to removal from the United States as a result of my pleas of guilty, I remained under the impression, based upon the advice of my lawyer, that, although I could be removed, I would not actually be removed from the United States as a result of my pleas of guilty to the two charges; and
>
> . . .
>
> [D]espite the fact that I was advised by the Judge, during my plea hearing, that I could be exposed to removal proceedings as a result of my plea, I remained under the impression, based upon the advice of my lawyer, that, although I could be removed, I would not actually be removed from the United States as a result of my pleas to the two charges.

(Affidavit, ECF No. 65-1 at 1.)

"The purpose of a plea colloquy is to protect the defendant from an unintelligent or involuntary plea." *Mitchell v. United States*, 526 U.S. 314, 322 (1999). Petitioner's representations at the plea hearing are presumed truthful: "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . ." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Petitioner's section 2255 allegations in support of his claim of ineffective assistance regarding the plea are inconsistent with and contrary to the terms of the written plea agreement, are inconsistent with and contrary to Petitioner's statements to the Court, are inconsistent with and contrary to counsel's representations to the Court, and are inconsistent with the Court's statements to Petitioner during the plea hearing. *See Blackledge*, 431 U.S. at 74. The record reflects, as counsel for Hector Fuentes represented to the Court and Petitioner's counsel confirmed, that through discussions with the Government, counsel attempted to "maximize the possibility" that Petitioner would not be removed from the United States based on the plea, but that no promises had been made that Petitioner would not be removed. (Plea Tr. at 45-46.) The record thus does not support Petitioner's contention that misrepresentations were made by counsel or the government regarding whether he could be deported upon his conviction following the plea.

Because Petitioner's allegations are unsupported by and contrary to the record, Petitioner has failed to demonstrate either deficient performance by counsel or prejudice. *See Strickland*, 466 U.S. at 688, 694; *David,* 134 F.3d at 478; *Butt*, 731 F.2d at 80.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of May, 2018.